## PARSHALL *vs.* SHIRTS

The return of a deed to the grantor, and the destruction thereof, after it has been executed and delivered, will not reinvest the grantor with the title.

And if, before any conveyance of the premises is made, by the grantee, a judgment is recovered against him, the same will become a valid lien thereon, and a purchaser, at a sale on the execution issued upon such judgment, will acquire a valid title to the premises, as against the judgment debtor.

If the grantee, after selling his interest in the premises to a third person, becomes a tenant of the latter from year to year, his right of possession becomes subject to the lien of the judgment, and may be recovered by the purchaser of the premises at the sheriff's sale.

APPEAL by the plaintiff from a judgment entered upon the report of a referee.

The action was referred to a referee, who found the following facts:

1. That in the spring of 1856, Levi Van Inwagen was the owner and in possession of the land described in the complaint. 2. That in the last days of March, or the forepart of April, 1856, the said Levi Van Inwagen, in consideration of $1125, expressed in the deed, conveyed, by a deed duly executed, acknowledged and delivered to the defendant, Stephen Shirts, one acre, upon which was the house, lying in the northwest corner of the land described in the complaint. 3. That afterwards the said Levi Van Inwagen sold to the said Shirts the balance of the lands described in the complaint, being one acre and thirty-five hundredths of an acre, for which he received Shirts' notes; but he did not convey this last piece of land to Shirts. 4. That a short time before the 25th day of August, 1856, the defendant sold to Leonard L. Whitbeck, for a valuable consideration, all the land described in the complaint, which he had bought of Van Inwagen, and on the 25th day of August, 1856, procured Van Inwagen to convey the said land by deed to Whitbeck, which deed was dated back to the 13th day of April, 1856, and was duly acknowledged and recorded in

Wayne county clerk's office, on the 26th day of August, 1856. Said deed was delivered by Van Inwagen to Shirts, and by him to Whitbeck, who was not present when it was executed and delivered to Shirts. 5. That at the time the deed was made to Whitbeck, the first deed given to Shirts for one acre was delivered up to Van Inwagen by Shirts, and destroyed before he executed the deed to Whitbeck. The said deed to Shirts had never been recorded. Whitbeck did not know, at the time he received the conveyance from Van Inwagen, of the existence of the previous deed given to Shirts, but supposed the title to said land to be in Van Inwagen, and that Shirts had a contract for the same. 6. That in the forepart of November, 1856, Shirts went into possession of said premises under Whitbeck and as his tenant, and has occupied the premises since, from year to year. 7. That on the 27th day of October, 1856, Samuel P. Breck and others recovered a judgment in the Supreme Court of this State, against John Shultz, and Stephen Shirts, the above named defendant, for $466.49, which judgment was duly docketed in Wayne county clerk's office. That on the 26th day of May, 1860, upon an execution duly issued on the said judgment, the sheriff of Wayne county duly sold the said two and thirty-five hundredths acres to the plaintiff, for the sum of $500; and on the 12th day of September, 1861, duly made, executed and delivered to the plaintiff a sheriff's deed of the said premises, conveying to him all the interest which the said Shirts had therein on the day of the docketing the said judgment, which deed, on the same day, was recorded in Wayne county clerk's office. 8. That on the 9th day of December, 1861, and before the commencement of this action, the plaintiff duly demanded the possession of said premises, under the sheriff's deed, of the defendant, who was then in possession as aforesaid, which was refused; whereupon this action was brought.

The referee found, as conclusions of law, that at the commencement of this action the said Leonard L. Whitbeck had lawful title, and was the owner in fee simple of the said premises described in the complaint; that the defendant was lawfully in possession as his tenant, and that the plaintiff was not entitled to recover in this action. He therefore ordered judgment in favor of the defendant, against the plaintiff, for costs and disbursements.

*W. F. Cogswell,* for the appellant. I. By the deed from Van Inwagen to the defendant, the title to the premises became vested in the latter. Such title cannot be divested by the destruction or surrender of the grant. This is so both at law and in equity. (*Raynor* v. *Wilson,* 6 *Hill,* 469. *Nicholson* v. *Halsey,* 1 *John. Ch.* 417. *Schutt* v. *Large,* 6 *Barb.* 373.)

II. The connection of Whitbeck with the title will not aid the defendant, for two reasons: 1st. The defendant cannot prevent the plaintiff's recovery by showing that Whitbeck has a title which he might set up against the plaintiff. The case shows the defendant to be the owner in fee of the land, which has been sold to the plaintiff by virtue of a valid judgment against him. That title he cannot defeat by showing that some one else might allege and maintain that he, the defendant, was estopped from setting up his title. The plaintiff is entitled to recover the possession, and litigate Whitbeck's title with him. 2d. Whitbeck is not a bona fide purchaser from Van Inwagen as the owner of the land. He is not a purchaser from him at all. His purchase was from Shirts, and he is presumed in law to have taken the deed from Van Inwagen with notice of all the facts. It is a very curious and artificial way in which the defendant seeks to defeat and has, thus far, defeated the plaintiff's right. It is this: the defendant would be estopped from setting up his title against Whitbeck. The plaintiff claims under the defendant; there-

fore he would be estopped as between him and Whitbeck. The defendant is Whitbeck's tenant; therefore he may set up the estoppel against himself, to protect himself. This would be a novel application of the doctrine of estoppel *in pais.*

III. It was manifest error to dismiss the complaint, whatever may be thought of the foregoing questions, for the reason that the defendant, Shirts, had an interest in the land in question, which was subject to the lien of the judgment upon which the plaintiff purchased, and liable to sale on execution. His estate was an estate for years. (1 *R. S.* 722, § 5. 3 *Kent,* 342, *marg. paging.* 2 *R. S.* 359, § 3.)

IV. Whitbeck was allowed to testify, under objection, that he purchased the property in good faith. This was clearly erroneous. It was prejudging the question that was to be passed upon by the referee.

*C. Mason,* for the respondent. I. The evidence showing a present subsisting title out of the plaintiff, the defendant not having entered under him, and all matters pertaining to, and connected with, the obtaining such title adverse to the plaintiff, was admissible evidence, and the referee was right in permitting Whitbeck's deed to be read in evidence, and in allowing the witness to answer the questions, as to whom he contracted with; whether or not he had knowledge of any prior title; if he acted in good faith; what consideration he paid; and when he paid for the premises. (*Bloom* v. *Burdick,* 1 *Hill,* 130. *Jackson* v. *Hudson,* 3 *John.* 375. *Colvin* v. *Baker,* 2 *Barb.* 206. *Raynor* v. *Wilson,* 6 *Hill,* 469.)

II. The proof shows the premises unoccupied when Whitbeck took his deed from Van Inwagen, and the record showed the title in Van Inwagen. No evidence was given on the trial showing that Whitbeck had notice of any prior deed to Shirts, and Whitbeck himself swears

positively he did not learn the fact till two or three months after he had taken his deed and paid for the premises. The referee was fully warranted in finding that "Leonard L. Whitbeck did not, at the time he received the conveyance from Van Inwagen, know of the existence of the prior deed from Van Inwagen to defendant." ·Explicit evidence of notice of a prior unregistered deed must be given, in order to destroy the effect of a subsequent registered deed. (12 *John.* 452.)

III. The proof shows that the arrangement to destroy the deed from Van Inwagen to Shirts, and have Van Inwagen convey the premises in question to Whitbeck, was made without the knowledge or consent of Whitbeck, to whom Shirts represented the title to be in Van Inwagen, and the public record confirmed Shirts' statement. A universal principal in law, which will not allow one to take advantage of his own wrong to the injury of another, will estop Shirts from using his legal title to impeach Whitbeck's equitable title. And Parshall, the plaintiff, who derives his pre- tended title through a sale under a judgment against Shirts, stands in no better position to impeach the title of Whitbeck than Shirts. In·equity the purchaser under a judgment takes the land subject to all equitable claims, prior in point of time to the judgment, of which he had notice at or prior to the sheriff's sale. (3 *Paige,* 117. 1 *Barb.* 610.) It is a general principle of law, that a person cannot, by any voluntary act of his own, transfer to another a right which he does not himself possess. (10 *Paige,* 219. 1 *id.* 473.) The rule of equity under our recording acts is also the rule of law. (6 *Wend.* 213.)

IV. The proof shows conclusively, and so the referee finds, that Whitbeck was a bona fide purchaser of the premises in question for a valuable consideration, without notice or knowledge of a prior conveyance of the whole or any portion of said premises to Shirts; and is protected in his title under the statute by the recording

acts. The deed of a bona fide purchaser for a valuable consideration first recorded, is protected against prior unrecorded conveyances. (13 *N. Y. Rep.* 514. 1 *Barb.* 610.) A bona fide purchaser of land for a valuable consideration, whose deed is first recorded, is protected against a prior unrecorded conveyance, although his grantor purchased with notice thereof. (*Wood* v. *Chapin,* 3 *Kern.* 509. *Hooker* v. *Pierce,* 2 *Hill,* 650. 18 *John.* 295.)

*By the Court,* E. DARWIN SMITH, J. The conveyance from Van Inwagen to the defendant Shirts, made in March or April, 1856, clearly vested in him the title to the one acre of land therein described. And the subsequent return of said deed to the grantor, and the destruction thereof, did not reinvest Van Inwagen with the title. (*Nicholson* v. *Halsey,* 1 *John. Ch.* 417. *Jackson* v. *Anderson,* 4 *Wend.* 474. *Kellogg* v. *Rand,* 11 *Paige,* 59. *Raynor* v. *Wilson,* 6 *Hill,* 469.)

The title to this one acre was therefore in the defendant at the time when the judgment of Breck and others was recovered against him, and such judgment became a valid lien thereupon. Hence the plaintiff, as against the defendant Shirts, made out on the trial a perfect title to this one acre of land. Whether he made out such title as against Whitbeck is a different question. Whitbeck clearly took no title to this one acre of land, because the title to it was not in his grantor at the time of the conveyance to him, but was in fact and in law in the defendant Shirts. If Whitbeck had purchased this acre of Van Inwagen without notice of the deed to Shirts—such deed not being recorded—he would clearly have been a purchaser in good faith of this acre, and would be protected by the registry act against the unrecorded deed to Shirts. But if the registry act only protects successive purchasers from the same grantor, as held in *Raynor* v. *Wilson,* (6 *Hill,* 469,) the plaintiff's title would still prevail, and

the plaintiff would be entitled to recover this acre upon the title proved on the trial. But this is a question between the plaintiff and Whitbeck, which should perhaps be left for decision as between them, as Whitbeck is not a party or privy to this action, and would not be bound by any decision in this suit upon that question. The plaintiff was clearly entitled to recover the premises from the defendant Shirts, who was in possession and who alone defends. Shirts could not set up this title of Whitbeck. He was a tenant of Whitbeck from year to year, at the time of the commencement of this suit, and his term had some time to run. This right of possession the plaintiff was clearly entitled to recover. It was error therefore to dismiss the complaint, and the judgment must be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed.

[MONROE GENERAL TERM, March 1, 1869. *E. D. Smith, Johnson* and *J. C. Smith*, Justices.]